Filed 9/30/15  P. v. Noland CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### COURT OF APPEAL, FOURTH APPELLATE DISTRICT

### DIVISION ONE

### STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>EDWARD REESE NOLAND, JR.,<br><br>        Defendant and Appellant. | D067210<br><br><br>(Super. Ct. No. SCD256270,<br> SCD254119) |

APPEAL from a judgment of the Superior Court of San Diego County, Timothy R. Walsh, Judge.  Affirmed.

Joshua M. Mulligan, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Respondent.

Edward Reese Noland, Jr. entered guilty pleas in two separate criminal cases based upon a stipulated sentence to a term of 12 years four months.

In case No. SCD246270, Noland pleaded guilty to one count of unlawfully taking or driving a vehicle (Veh. Code, § 10851, subd. (a)), one count of residential burglary

(Pen. Code,[1] § 459), and one count of vandalism (§ 594, subd. (a)(1)). He also admitted the serious/violent felony prior conviction alleged in that case.

In case No. SCD254119, Noland pleaded guilty to one count of residential burglary (§ 459). Noland admitted one serious felony prior conviction (§ 667, subd. (a)(1)) and one serious/violent felony prior conviction (§ 667, subds. (b)-(i)).

At sentencing the parties realized that the sentence could not be calculated to fit the stipulation unless the court struck one of the serious/violent felony allegations. On motion of the People the court struck one of the serious/violent felony prior allegations and imposed the stipulated sentence of 12 years four months.

Noland filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.4th 436 (*Wende*) indicating he has not been able to identify any reasonably arguable issue for reversal on appeal. Counsel asks this court to review the record for error as mandated by *Wende*. We offered Noland the opportunity to file a brief on his own behalf, but Noland has not responded.

### STATEMENT OF FACTS

Since this appeal arises from guilty pleas, we will include a very brief summary of the facts of the offenses as set forth in the probation officer's report.

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

Case No. SCD254119

On January 24, 2014, Noland and two codefendants burglarized a dwelling. They were observed carrying two televisions away from the victim's residence. They told the witness they were just "collecting." The witness took down the license plate of the car in which Noland and his compatriots drove away. The car had been reported stolen.

The victim reported the loss of two televisions and some personal items.

Case No. SCD256270

On May 23, 2015 police were searching for a vehicle taken during a residential burglary. Noland was observed entering the car using a key that electronically opened the door. Noland and the codefendants ran from police. Noland was observed discarding a loaded semiautomatic handgun.

A subsequent search of a hotel room registered to Noland and a codefendant produced a quantity of stolen items. Noland and the codefendant admitted being present at the burglary when the vehicle was stolen.

DISCUSSION

As we have stated, appellate counsel has filed a brief pursuant to *Wende, supra*, 25 Cal.3d 436, indicating he has been unable to identify any reasonably arguable issues for reversal on appeal. Pursuant to *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified the following possible, but not reasonably arguable issues to assist the court in the review of the record for error:

3

1.  Whether Vehicle Code section 10851, subdivision (a), is a charge that should have been included in Proposition 47 (§ 1170.18) changes and reduced to a misdemeanor?

2.  If Noland is eligible for resentencing under section 1170.18, may that be accomplished in the Court of Appeal or must it be conducted in the trial court?

3.  Did the court abuse its discretion in refusing to consider sentencing Noland to a drug rehabilitation program?

We have reviewed the entire record as mandated by *Wende, supra,* 25 Cal.3d 436 and *Anders, supra,* 386 U.S. 738.  Based on the record before us we have been unable to identify any reasonably arguable issue for reversal on appeal.  Competent counsel has represented Noland on this appeal.

### DISPOSITION

The judgment is affirmed.


HUFFMAN, Acting P. J.

WE CONCUR:


NARES, J.


McINTYRE, J.


4